**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2587-24

AMTRUST NORTH AMERICA
o/b/o JUSTIN MCGINNESS,

     Plaintiff-Appellant,

v.

LIBERTY MUTUAL INSURANCE
COMPANY, a business entity and
OHIO UNDERWRITING
MANAGERS, a business entity,

     Defendants-Respondents.

_____

Submitted January 28, 2026 – Decided March 27, 2026

Before Judges Currier and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2066-24.

N.W. Mattiacci Law, LLC, attorneys for appellant (Nicholas W. Mattiacci, on the briefs).

McElroy Deutsch Mulvaney & Carpenter LLP, attorneys for respondents (John T. Coyne, on the brief).

PER CURIAM

Plaintiff Amtrust North America o/b/o Justin McGinness (AmTrust) appeals from the trial court's dismissal with prejudice of its declaratory judgment action against defendants Liberty Mutual Insurance Company and Ohio Underwriting Managers. McGinness, while working for Nellies Provisions, was injured by a third-party tortfeasor when he was a passenger in a vehicle struck by the tortfeasor. AmTrust, the workers' compensation carrier for Nellies, paid benefits to McGinness totaling $75,339.52. Through subrogation, AmTrust sought reimbursement from the third-party tortfeasor and received $15,000, the third party's policy limit. AmTrust alleges defendants issued an underinsured (UIM) and uninsured policy[1] to Nellies covering McGinness and now seeks to recover the remainder of the paid-out benefits from defendants

The trial court dismissed the complaint with prejudice for naming the wrong party, as the complaint named Ohio Underwriting Managers and Liberty Mutual, and the proper party is Ohio Security Insurance Company, which issued the policy. We affirm the dismissal, but remand for an order dismissing the complaint without prejudice.

The trial court also held plaintiff had no right to subrogation. Because plaintiff failed to name the correct party and has failed to append the applicable

---

[1] Plaintiff did not include the policy in the appendix.

A-2587-24

policy, we do not reach the substantive issue of whether plaintiff is entitled to subrogation on the UIM benefits.

Finally, we note plaintiff's attorney has cited four non-existent cases in his merits brief. When he was made aware of this issue by defendants in their opposition brief, plaintiff's attorney failed to take any responsibility for his presumed misuse of artificial intelligence (AI) or correct the brief. Counsel did not revise the filed brief or advise the court of the hallucinated case law. Both opposing counsel and this court expended wasted time to research the nonexistent cases. Counsel's disregard for his obligations toward his adversary and this court is a violation of RPC 3.3 and <u>Rule</u> 2:9-9, particularly in light of counsel's failure to react when alerted to the error. Under these circumstances, we impose a $1000 sanction upon plaintiff's counsel.

## I.

Justin McGinness worked for Nellies Provisions, Inc. On March 28, 2022, McGinness was riding as a passenger in a work vehicle, which "was struck by another at fault motorist." As a result, he suffered injuries to his knee, head, neck, and back.

A-2587-24

After payment of medical costs, plaintiff accrued a workers' compensation lien[2] in the amount of $75,339.52 in medical benefits. The third-party driver maintained minimum policy limits of $15,000, which were tendered to plaintiff. This left a balance of $60,339.52 on the lien. However, plaintiff contends Nellies also maintained uninsured and UIM coverage issued by Liberty Mutual, and for which Ohio Security provided underwriting services. Plaintiff filed a UIM claim with defendants, which was denied. Plaintiff then filed the present suit for a declaratory judgment regarding its rights under the policy.

The trial court dismissed the complaint for failure to state a claim pursuant to Rule 4:6-2(e). Its order was based on three separate grounds. First, the court held plaintiff failed to name the proper party: the complaint named "Ohio Underwriting Managers" and "Liberty Mutual Insurance Company" as defendants, but "Ohio Security Insurance Company," which issued the policy, was the only proper defendant. Second, the court held plaintiff had no public policy right to subrogation because "the difference between UIM and UM is . . . dispositive." Third, the court held that an exclusion in the policy stating UIM coverage would not be provided "for the direct or indirect benefit of any

_____

[2] See N.J.S.A. 34:15-40.

A-2587-24

insurer or self-insured under any workers' compensation disability benefit or similar law" barred plaintiff's right to recover.

On October 18, 2024, plaintiff filed his complaint pursuant to the Declaratory Judgment Act, N.J.S.A. 2A:16-50 to -62. Count one ("Declaratory Action UIM Coverage") sought "a declaration that [a]all [d]efendants have an obligation to indemnify [and provide contribution to] [a]ll plaintiffs pursuant to its certificate of liability insurance." Count two ("Equitable Subrogation") sought "a declaration that [a]ll [d]defendants have an obligation to indemnify [and provide contribution to] [a]ll plaintiffs pursuant to its certificate of liability insurance." Count three ("Common Law Indemnity and Contribution") sought "a declaration that [a]all [d]efendants have an obligation to indemnify [and provide contribution to] [a]ll plaintiffs pursuant to its certificate of liability insurance." On March 12, 2025, the trial court granted defendants' motion to dismiss with prejudice pursuant to Rule 4:6-2(e). This appeal followed.

"Rule 4:6-2(e) motions to dismiss for failure to state a claim upon which relief [may] be granted are reviewed de novo." Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). Like the trial court, in considering a Rule 4:6-2(e) motion, "[a] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every

reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)). The test for determining the adequacy of a pleading is "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).

The court did not err in dismissing the complaint pursuant to Rule 4:6-2(e) for failing to name the proper defendant. The parties identified by plaintiff, Ohio Underwriting Managers and Liberty Mutual Insurance Company, did not issue the UIM policy allegedly applicable to this matter and cannot be liable as a matter of law. The proper defendant is Ohio Security Insurance Company, which issued the policy.

In reaching this conclusion, the trial court appears to have relied on the complaint as well as the policy itself, which was not attached to the complaint but was attached to one of defendants' certifications before the trial court. Defense counsel stated during oral argument before the trial court: "[P]laintiff has not named the correct party, that is the issuer of [] this auto insurance policy. That company was Ohio Security Insurance Company. That's made clear by the policy annexed to my certification. That is the only proper party."

A-2587-24

Plaintiff did not provide the policy in the record on appeal. Despite relying on a document not attached to the complaint, there was no need for the trial court to convert the motion into a motion for summary judgment. See Banco Popular N. Am. v. Gandi, 184 N.J. 161, 183 (2005) ("In evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'" (emphasis added) (quoting Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004))); see also N.J. Citizen Action, Inc. v. County of Bergen, 391 N.J. Super. 596, 605 (App. Div. 2007).

Nonetheless, the naming mistake could easily have been cured by amending the complaint. Therefore, the court should not have dismissed the complaint with prejudice on this basis. See Big Smoke LLC v. Township of W. Milford, 478 N.J. Super. 203, 225, 228 (App. Div. 2024) (explaining "[d]ismissals under Rule 4:6-2(e) are ordinarily without prejudice" and "[a] dismissal without prejudice allows a plaintiff to amend and refile a complaint that addresses and corrects prior deficiencies" (internal quotation marks omitted)).

Because plaintiff failed to name the proper party and did not append the correct policy, we need not address the substance of the other grounds for

dismissal. Indeed, we do not know whether the proper insurance company would have denied the claim as it has never been tendered to it.

However, our review of this matter does not end there. As stated, plaintiff's counsel cites to four cases in his merits brief that do not exist:

- "Aetna Cas. & Sur. Co. v. Hanna, 224 N.J. Super. 462 (App. Div. 1988)." Plaintiff cites this case with the following parenthetical: ("the Appellate Division affirmed a workers' compensation carrier's right to subrogation against an employee's personal UIM benefits.") This case does not appear in the New Jersey Superior Court Reports.

- "Hodge v. Allstate Ins. Co., 130 N.J. Super. 437, 440 (Law Div. 1974), aff'd o.b., 134 N.J. Super. 274 (App. Div. 1975)." This case, and the decision purportedly affirming it, do not appear in the New Jersey Superior Court Reports.

- "New Jersey Mfrs. Ins. Co. v. Quality Textile Co., 386 N.J. Super. 269, 279 (App. Div. 2006)." This case does not exist in the New Jersey Superior Court Reports.

- "Wickner v. Food Fair Stores, Inc., 116 N.J. Super. 331, 335 (Law Div. 1971), aff'd o.b., 120 N.J. Super. 262 (App. Div. 1972)." This case, and

the decision purportedly affirming it, does not exist in the New Jersey Superior Court Reports.

When defendants, quite professionally, mentioned in their opposition brief that they could not locate "Aetna," plaintiff responded in his reply brief as follows: "While the [d]efendant's search may have been unsuccessful, a review of legal databases confirms the existence of a case involving a New Jersey Appellate Division opinion with a similar citation. In any event, the cases cited by AmTrust in its primary brief . . . clearly establish the legal foundation for the subrogation claim against UIM benefits." We are stunned by the carelessness and dismissiveness of this statement in a filed appellate brief.

Non-existent cases such as the four cited by plaintiff's counsel are "hallmarks of . . . generative artificial intelligence." Green Bldg. Initiative, Inc. v. Peacock, 350 F.R.D. 289, 291 (D. Or. 2025). As we have seen too many times already, hallucinated cases look like real cases as they are identified by a case name, a citation to a reporter, the name of a district or appellate court, and the year of the decision. But they are not real cases.

Citation of hallucinated caselaw violates the RPCs, as noted in the Supreme Court's Preliminary AI Guidelines:

> RPC 3.3 requires a lawyer to uphold candor to the
> tribunal, including by not knowingly making "a false

statement of material fact or law . . . ." or offering "evidence that the lawyer knows to be false . . . ." RPC 3.3(a)(l); RPC 3.3(a)(4). A lawyer who uses AI in the preparation of legal pleadings, arguments, or evidence remains responsible to ensure the validity of those submissions. While the RPCs do not require a lawyer to disclose the use of AI, such use does not provide an excuse for the submission of false, fake, or misleading content.

[Sup. Ct. of N.J., Notice To The Bar Legal Practice: Preliminary Guidelines On The Use Of Artificial Intelligence By New Jersey Lawyers (Jan. 24, 2024).]

Plaintiff's citation of hallucinated cases also violated Rule 2:9-9, which provides:

Failure properly to prosecute or defend an appeal or proceedings for certification shall be ground for such action as the appellate court deems appropriate, including, but not limited to, dismissal of the appeal or petition, imposition of costs or attorney's fees or such other penalty as may be assessed personally against the attorney.

Although not every misuse of artificial intelligence will warrant a sanction, the specific circumstances of this matter require such a rare action. See Sackman v. N.J. Mfrs. Ins. Co., 445 N.J. Super. 278, 296 (App. Div. 2016) ("[A] sanction imposed under Rule 2:9-9 is intended to deter the improper prosecution or defense of an appeal and prevent the misuse of judicial resources that result from such derelictions."). In Sackman, the court held:

[T]he brief submitted by plaintiff's counsel must be censured and sanctioned because it displayed an utter indifference to the standards of professional competence a tribunal is entitled to expect from an attorney admitted to practice law in this State. . . .

[Counsel] failed to conduct even a modicum of legal research or attempt to present any reasonably competent analysis of the law as it related to the facts of this case. By submitting a shoddy, professionally unacceptable brief, plaintiff's appellate counsel displayed a disrespect for the work of this court and for the legal profession itself.

[Id. at 296, 298-99.]

Here, even after the non-existent "Aetna" case was pointed out in defendants' opposition brief, plaintiff's counsel flippantly disregarded the error and failed to make the appropriate retraction. He failed to "present any reasonably competent analysis of the law," ibid., but instead, glibly ignored the issue in his reply brief, in contravention of his duty of candor to the tribunal.

And, in signing the reply brief with full knowledge of the hallucinations and the falsity of the law he had presented to us, plaintiff's counsel violated Rule 1:4-8 as well, which states an attorney's signature on a court filing signifies he or she has read the filing and "the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the

extension, modification, or reversal of existing law or the establishment of new law." R. 1:4-8(a)(2).

Attorneys have a duty of candor to the tribunal that cannot be outsourced to AI. Plaintiff's attorney's utter indifference to his obvious misstatements of law to the court warrants a sanction of $1000, imposed upon him personally, and payable to the Treasurer of the State of New Jersey within thirty days. Proof of payment shall be supplied to the Clerk of the Appellate Division.

Affirmed in part and remanded for an order dismissing the complaint without prejudice. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2587-24